[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Robert Sassone and Total Home Inspection Associates, Inc., of which Sassone is the sole stockholder, have applied for a prejudgment remedy of attachment, in the amount of $80,000, of the realty of the named defendant, Richard Lepore, which is located on Silvermine Road in New Canaan. The motion is in connection with a claim against this defendant for failure to comply with a covenant not to compete. The other defendant is Total Home Inspection, Inc., a company owned by Richard Lepore.
An earlier denial of a prejudgment remedy by this court, Dean, J., was appealed[1] by the plaintiff and the appeal was sustained by the Supreme Court in Sassone v. Lepore, 226 Conn. 773,778, 629 A.2d 357 (1993), and the case was remanded to this court for a hearing on plaintiffs' application for a prejudgment remedy.
In accordance with the remand, this court has now held a hearing over the course of two days, in which both Sassone and Lepore testified. After reviewing their testimony and approximately ten exhibits, this court has concluded, as had Judge Dean, albeit for different reasons, that the plaintiffs are not entitled to a prejudgment remedy of an attachment of the defendant's realty.
General Statutes 52-278d(a) provides, in pertinent part, that: "[i]f the court, upon consideration of the facts before it, finds that the plaintiff has shown probable cause to sustain the validity of his claim," a prejudgment remedy shall be granted. The definition of probable cause is subject to a degree of confusion, as illustrated by the difficulties encountered by the United States Supreme Court in Connecticut v. Doehr, 501 U.S. ___,111 S.Ct. 2105, 115 L.Ed.2d 1 (1991), which declared General Statutes 52-278(e)(a)(1), permitting ex parte attachments of real estate, violative of the due process clause of the Fourteenth Amendment. Mr. Justice White quoted the Connecticut Attorney General's office as first arguing that probable cause means "the objective likelihood of the suit's success. Id., 2113. The defendant, on the other hand, claimed that probable cause refers CT Page 10428 to "a subjective good faith belief that the suit will succeed." Id. The State evidently changed its position at oral argument to assert that the plaintiff must state "a claim with sufficient facts to survive a motion to dismiss." Id., 2114. The United States Supreme Court also referred to a "realistic assessment concerning the likelihood of an action's success." Id.
Since that decision, however, the Appellate Court in Blakeslee Arpaia Chapman, Inc. v. El Constructors, Inc., 32 Conn. App. 118,126, 628 A.2d 601 (1993), indicated that: "`[t]he plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim. . . . The court's role in such a hearing is to determine probable success by weighing probabilities. Moreover, this weighing process applies to both legal and factual issues. . . . It is the trial court that must determine, in light of its assessment of the legal issues and the credibility of the witnesses, whether a plaintiff has sustained the burden of showing probable cause to sustain the validity of its claim.'" (Citation omitted).
In the case at bar, the Connecticut Supreme Court summarized both the allegations of the complaint and the requests for relief, including the allegation that: "[t]he asset purchase agreement expressly allocated $33,000 of the $73,000 contract price to a covenant not to compete. Although the defendants received full payment at the time of the closing, they never executed a written covenant not to compete." Sassone v. Lepore, supra. The evidence submitted at the hearing substantiated this allegation in the complaint. The parties signed a contract in March of 1991 in which the defendant Lepore agreed to sell his business, Total Home Inspection, Inc., to the plaintiff for $73,000, and one of the conditions in the contract was No. 19, "Subject to Buyer receiving a (5) five year non-compete covenant for seller for Fairfield County, Ct." The contract of sale also contained an "allocation of purchase price," in which $33,000 was allocated to "non-compete covenant."
The sale was consummated in May of 1991, and Lepore, as seller, executed an "Asset Purchase Agreement," which again allocated $33,000 of the purchase price to a "Covenant Not To Compete." Paragraph 3.2 of this agreement provided that: "[a]t the Closing, the Company shall deliver a Noncompetition Agreement executed by each each of the stockholders for Fairfield County, Conn." The defendant Lepore is now back in the home inspection CT Page 10429 business in this county and is competing with the plaintiff. Lepore received $73,000 at the closing, but a covenant not to compete was never executed, which is why I believe the defendants are not bound by any covenant. Furthermore, the plaintiffs themselves recognize that no such covenant exists, as one of the exhibits introduced at this hearing was the pleadings from a law suit brought by plaintiffs in this court against their attorney for failing to prepare such a covenant. Reference is to docket number CV 93 0132396, a case captioned Robert Sassone and Total Home Inspection Associates, Inc. v. Andrew M. Romano, in which the plaintiffs specifically allege that they "became aware of the fact that no covenant not to compete was ever furnished or executed by Lepore at the closing and that, in fact, no such covenant existed." This case is brought in malpractice against the attorney who represented the plaintiffs in connection with the purchase of Lepore's business, and the court finds that the above allegation constitutes a concession that no such covenant actually exists.
It may be that in a full scale trial, the plaintiffs will persuade the trier of fact that Lepore should be subject to a non-compete covenant. However, in this proceeding the plaintiffs have failed to sustain their burden of proving the likelihood of success on the merits, as is required by General Statutes 52-278d(a), and accordingly their application for a prejudgment remedy is denied.
So Ordered.
Dated at Stamford, Connecticut, this 3rd day of December, 1993.
William B. Lewis, Judge